In the Matter of RICHARD P. NESPOLA, Respondent, v MANAGEMENT NETWORK GROUP, INC., Appellant, et al., Respondent. [955 NYS2d 575]—

Where, as here, the parties have agreed to arbitrate their disputes and to be bound by respondent American Arbitration Association's (AAA) rules, judicial review of interim determinations regarding locale is generally unavailable (*Matter of D.M.C. Constr. Corp. v Nash Steel Corp.*, 41 NY2d 855 [1977], *revg on dissenting op of Shapiro, J.* 51 AD2d 1040, 1040-1043 [2d Dept 1976]; *see also Michaels v Mariforum Shipping, S.A.*, 624 F2d 411, 414 [2d Cir 1980]). Indeed, judicial review in these cases is confined to a limited inquiry as to whether the venue determination complied with a minimum constitutional standard of fair dealing, or, in "extreme cases," whether the venue determination was made in bad faith (*D.M.C.*, 51 AD2d at 1043 [Shapiro, J., dissenting]; *Aerojet-General Corp. v American Arbitration Assn.*, 478 F2d 248, 251 [9th Cir 1973]).

Here, the AAA's venue determination complied with a minimum constitutional standard of fair dealing. Indeed, the parties were given an opportunity to be heard on the locale, they agreed to be bound by AAA's determination of its own rules, and the AAA interpreted its rules to permit it to determine the appropriate locale (*see Dan Riv., Inc. v Cal-Togs, Inc.*, 451 F Supp 497, 501-502 [SD NY 1978]; *see also York Research Corp. v Landgarten*, 927 F2d 119, 123 [2d Cir 1991]).

There was no evidence that this was an "extreme" case where the venue determination was made by the AAA in bad faith. The evidence in the record demonstrated that the AAA made its determination after careful consideration of the parties' arguments. The correctness of the AAA's determination is not a proper concern for the court, and it was improper for the Supreme Court to speculate as to the AAA's reasoning (*Aerojet*, 478 F2d at 252). Moreover, the record does not support the Supreme Court's finding that respondent made misleading statements to the AAA. In any event, even if respondent made misleading statements, petitioner was given an opportunity to respond to those statements, and his responses were before the AAA.

Contrary to petitioner's contention, "traditional venue transfer principles" are inapplicable where, as here, the parties have agreed to arbitrate. Indeed, venue here is a matter of the parties' agreement (*see Dan Riv.*, 451 F Supp at 502; *National Network of Accountants Inv. Advisors, Inc. v Gray*, 693 F Supp 2d 200 [ED NY 2010]).

Nor was there any basis for Supreme Court to intervene on equitable grounds or based on the doctrine of unconscionability. There is no claim here that the parties' agreement was procedurally or substantively unconscionable when made (*cf.*

*Brower v Gateway 2000*, 246 AD2d 246, 253-254 [1st Dept 1998]). Nor did the AAA's determination render the agreement unconscionable. Concur—Gonzalez, P.J., Sweeny, Richter, Román and Clark, JJ.